UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LEAH THIBODEAUX | CIVIL ACTION |
|---|---|
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-00695-BAJ-EWD |

***CONSOLIDATED WITH***

| ALYSSA ROGERS | CIVIL ACTION |
|---|---|
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-00879-BAJ-EWD |
| CASSANDRA BARNES AND DAVID JOSEPH BARNES | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01146-BAJ-EWD |
| MARY NICOLE BURDETT AND DAVIDE MICHAEL BURDETT | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01147-BAJ-EWD |
| GEORGE PETER MARSE, III, ET AL. | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01402-BAJ-EWD |
| VANESSA WEST | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01640-BAJ-EWD |
| KARA JO ALLEN, ET AL. | CIVIL ACTION |
| VERSUS | |

| | |
|---|---|
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01664-BAJ-EWD |
| OLUWAFEYIASO AKINKUGBE | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01670-BAJ-EWD |
| BRYAN SAMPSON | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01671-BAJ-EWD |
| MEGAN RESENDEZ | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01686-BAJ-EWD |

## RULING AND ORDER

Before the Court are **Motions to Dismiss for Failure to Join**, in which Defendant, Red Frog Events, LLC, ("Red Frog") seeks an order requiring Plaintiffs to join Event Medical Staffing Solutions ("EMSS"), Daniel Lauber, and/or Marcus Edwards as necessary parties, or if joinder is not feasible, to dismiss Plaintiffs' claims. For the reasons that follow, the motions are **DENIED**.

I. **BACKGROUND**[1]

These cases arise out of the collapse of a large wooden obstacle called the "Diesel Dome" at the "Warrior Dash" race on October 6, 2016. (Doc. 1 at ¶¶ 7, 9, 17). Plaintiffs brought suit, alleging that Red Frog, among others, is responsible for the obstacle's collapse and their resulting personal injuries. (*Id.* at ¶¶ 22–24).

---
[1] Citations in this Order refer to Case No. 17-879, the lowest-captioned case.

Red Frog, the organizer of the event, entered into a construction agreement with Peterson Builders Framing Contractors ("Peterson") to construct, oversee, maintain, and remove the "Diesel Dome." (Doc. 16-1 at p. 2). Peterson, in turn, hired North South Renovations ("NSR") to construct the "Diesel Dome." (*Id.*). Marcus Edwards, the owner of NSR, purchased the lumber used to construct the "Diesel Dome" and led the team that actually built the structure. (*Id.*). Daniel Lauber, who was either an employee or an independent contractor of NSR, participated in the construction of the "Diesel Dome." (*Id.*).

In preparation for the "Warrior Dash," Red Frog contracted with EMSS to provide emergency services to any individual who sustained injuries during the race. (*Id.*). As part of the contract, EMSS allegedly had the responsibility to provide sufficient staffing to supervise the participants of the event. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) allows for the defense of "failure to join a party under Rule 19." Rule 19, in turn, "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citing Fed. R. Civ. P. 19(a)). If a necessary party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

When a party claims a defense under Rule 12(b)(7), a court must engage in a two-step analysis. *Wingate*, 327 F.3d at 439. First, a court must decide "under Rule

19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit." *Id.* Second, if joinder of the person would destroy a court's jurisdiction, a court must "determine whether . . . to press forward without the person or to dismiss the litigation." *Id.*

The threshold issue a court must answer is whether a person is necessary to the action under Rule 19(a). *Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 815 (5th Cir. 2016). A person is necessary party if,

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* at 19(a)(1).

Second, if a necessary party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 19(b). When determining whether the court should dismiss the action, it must consider (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.* at 19(b).

4

## III. DISCUSSION

Red Frog argues that EMSS, Lauber, and Edwards are necessary parties because they "are directly responsible for parts of the negligence alleged by Plaintiffs." (Doc. 16-1 at p. 3). Specifically, Red Frog claims that EMSS is to blame for any inadequate medical staffing. (*Id.*) According to Red Frog, Lauber and Edwards, together with NSR, were responsible for construction and maintenance on the "Diesel Dome." (*Id.*) Red Frog asserts that these persons actively participated in the alleged torts. (*Id.* at p. 6). Further, Red Frog insists that failure to include these parties will hinder settlement negotiations and exposes Red Frog to greater liability at trial because all parties responsible for the injuries will not be present. (*Id.* at pp. 6–7).

The Court finds that Defendants do not succeed on the threshold inquiry because the persons that Defendant seeks to join are not necessary to the action. The overwhelming weight of authority establishes that joint tortfeasors are not required parties under Rule 19, absent exceptional circumstances. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. . . . There is nothing in Louisiana tort law to the contrary." (internal citations omitted)); *Beta Tech., Inc. v. State Indus. Prods. Corp.*, No. 06-735, 2008 WL 2782874 at *4 n.10 (M.D. La. July 15, 2008) ("Joint tortfeasors are generally not treated as indispensable parties."); *see also* Fed. R. Civ. P. 19(a) Advisory Committee Notes ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with

like liability."). Defendants have not established any exceptional circumstances that would warrant the deviation from the ordinary rule that EMSS, Daniel Lauber, and Marcus Edwards are merely potential joint tortfeasors who are not necessary to this action.[2]

---

[2] An example of such an exceptional circumstance is the "active participant exception" that Red Frog argues should apply to this case. *See Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971). *Hass* involved a bank's alleged conversion of the plaintiff's stock. *Id.* The United States Court of Appeals for the Fifth Circuit held that an individual who allegedly owned a one-half interest in the stock was a necessary party because his presence was necessary to resolve "important issues in the litigation." *Id.* at 395, 398. Here, however, the straightforward negligence action against Red Frog will not be hindered by the alleged negligence of these third parties. *See, e.g., In re Chinese Manufactured Drywall Prods. Liab. Litig.* 237 F.R.D. 380, 386–87 (E.D. La. 2011) (holding that subcontractors were not necessary parties in an action between a contractor and its insurers).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the following motions are **DENIED**:

Case No. 17-1146 (Doc. 16).

Case No. 17-1147 (Doc. 24).

Case No. 17-1402 (Doc. 34).

Case No. 17-1640 (Doc. 9).

Case No. 17-1664 (Doc. 15).

Case No. 17-1670 (Doc. 6).

Case No. 17-1671 (Doc. 6).

Case No. 17-1686 (Doc. 8).

Case No. 17-1704 (Doc. 8).

Baton Rouge, Louisiana, this 22nd day of May, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**