UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGE PETER MARSE, III, ET AL.

CIVIL ACTION

VERSUS

NO. 17-1402-BAJ-EWD

RED FROG EVENTS, LLC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 20, 2018.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGE PETER MARSE, III, ET AL.

VERSUS

RED FROG EVENTS, LLC, ET AL.

CIVIL ACTION

NO. 17-1402-BAJ-EWD

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by plaintiffs, George Peter Marse, III and Hilary Marse, individually and on behalf of their minor daughter, Annabella Marse ("Plaintiffs"). The Motion to Remand is opposed[2] by defendant Red Frog Events, LLC ("Red Frog"). Plaintiffs have filed a Reply[3] and Red Frog has filed a Sur-Reply.[4]

For the reasons set forth herein, the undersigned *sua sponte* recommends[5] that this suit be **REMANDED** to the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana based on Red Frog's failure to establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold necessary to exercise federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

In light of this recommendation, the undersigned additionally recommends that the Motion to Remand[6] be **DENIED AS MOOT**.

---

[1] R. Doc. 14.

[2] R. Doc. 19.

[3] R. Doc. 24.

[4] R. Doc. 29.

[5] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). Because the undersigned similarly recommends remand of this action, the undersigned has issued a Report and Recommendation.

[6] R. Doc. 14.

2

I.    Background

This is a civil action involving claims for damages based upon the injuries allegedly sustained by George Peter Marse, III and his minor daughter, Annabella Marse, when a dome-shaped obstacle (referred to as the "Diesel Dome" or the "Dome") collapsed during a "Warrior Dash" race held on October 8, 2016.[7]  On or about September 8, 2017, Plaintiffs filed a Petition for Damages against Red Frog, First Specialty Insurance Corporation ("First Specialty"), James River Insurance Company ("James River"), Peterson Builders, Inc. ("Peterson"), North South Renovations, Inc. ("North South"), Marcus M. Edwards ("Edwards"), Daniel L. Lauber ("Lauber"), Megan E. Gaseor ("Gaseor"), Mary A. Kreke ("Kreke"), Emily A. Littlejohn ("Littlejohn"), ABC Insurance Company, XYZ Insurance Company, and West Feliciana Parish, Department of Parks and Recreation ("West Feliciana") in the Twentieth Judicial District Court for the Parish of West Feliciana, State of Louisiana.[8]  On October 4, 2017, Plaintiffs filed a First Supplemental and Amending Petition for Damages purportedly naming two additional defendants both named Peterson Builders Framing Contractors, LLC (referred to by Plaintiffs as "Peterson Framing – SC" and "Peterson Framing – NC.")[9]

The matter was removed to this Court by Red Frog on October 25, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[10]  Per its Notice of Removal, Red Frog asserts

---

[7] R. Doc. 1-2 at pp. 50-65.  Plaintiffs additionally include Hilary Marse, who the undersigned understands to be Annabella Marse's mother.  Based on the Petition, Hilary Marse was not a participant in the Warrior Dash.  *See*, R. Doc. 1-2, p. 54, ¶ XVIII.

[8] *Id.*

[9] R. Doc. 1-2, pp. 19-25.

[10] R. Doc. 1 at ¶ 13.  In its Notice of Removal, Red Frog asserts that that the removal was timely because it was filed "within 30 days of September 25, 2017, which is the date it received Citation and the Plaintiffs' Petition for Damages…and within the 1 year period set forth in 28 U.S.C. § 1446(c)." R. Doc. 1, ¶ 38.  28 U.S.C. § 1446(b)(1) provides, *inter alia*, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." With respect to the thirty day period which is triggered from the defendant's receipt of the initial pleading, as provided in 28 U.S.C. § 1446(b)(1), the Fifth Circuit has provided a

3

that, with the exception of West Feliciana, the parties to this action are completely diverse.[11] With respect to West Feliciana, Red Frog avers that the Parish was improperly joined for the sole purpose of defeating diversity jurisdiction.[12] On October 26, 2017, the undersigned *sua sponte* raised the issue of whether the amount in controversy requirement for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 was satisfied, and ordered Red Frog to submit a memorandum and supporting evidence specifically addressing whether the requisite amount in controversy was met.[13] Red Frog filed a Supplemental Memorandum in Support of Removal on November 6, 2017 arguing that it was facially apparent that Plaintiffs seek damages in excess of

---

bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)). Pursuant to *Chapman*, if a plaintiff wants the thirty day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. It is undisputed that Plaintiffs' initial pleading does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the thirty day period for removing the action was not triggered by service of the initial pleading. *See*, *Vatter v. Walker*, Civil Action No. 17-171, 2017 WL 3498868, at * 3 (M.D. La. July 10, 2017) ("It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.").

[11] Per the Notice of Removal, Red Frog avers that it is a limited liability company with one member, Joseph Reynolds, who is a citizen of Illinois. R. Doc. 1, ¶ 16. Red Frog further alleges that: (1) Peterson is a limited liability company whose sole member is a citizen of North Carolina, R. Doc. 1, ¶ 17; (2) North South is incorporated in North Carolina with its principal place of business in North Carolina, R. Doc. 1, ¶ 18; (3) James River is incorporated in Virginia with its principal place of business in Virginia, R. Doc. 1, ¶ 19; (4) First Specialty is incorporated in Missouri with its principal place of business in Missouri, R. Doc. 1, ¶ 20; (5) Edwards is a citizen of North Carolina, R. Doc. 1, ¶ 21; (6) Lauber is a citizen of North Carolina, R. Doc. 1, ¶ 22; (7) Gaseor is a citizen of Illinois, R. Doc. 1, ¶ 23; (8) Kreke is a citizen of Maryland, R. Doc. 1, ¶ 24; and (9) Littlejohn is a citizen of New Jersey, R. Doc. 1, ¶ 25. Red Frog does not allege the citizenship of either Peterson Framing-SC or Peterson Framing-NC in its Notice of Removal. However, because the undersigned finds that Red Frog has failed to meet its burden of establishing that the amount in controversy is met for purposes of federal diversity subject matter jurisdiction, the undersigned also finds that it is not necessary for Red Frog to clarify the citizenship of these two additional defendants.

[12] R. Doc. 1, ¶ 26. Because the undersigned finds that Red Frog has failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, it is unnecessary to reach the issue of improper joinder. Regardless of the citizenship of the parties herein, the undersigned finds that this court lacks federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy requirement is not met.

[13] R. Doc. 6.

the jurisdictional threshold.[14] Thereafter, Plaintiffs filed the instant Motion to Remand.[15] Despite the Court's *sua sponte* order raising the question of whether the amount in controversy is met in this case, Plaintiffs' Motion to Remand does not address the amount in controversy issue. Instead, Plaintiffs focus on the propriety of their joinder of West Feliciana as a defendant.[16] Because the undersigned finds that Red Frog has not met its burden of establishing by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional threshold, the undersigned *sua sponte* recommends remand on that basis, and further recommends that Plaintiffs' Motion to Remand based upon the joinder of West Feliciana (a non-diverse defendant) be denied as moot.[17]

## II.    Law and Analysis

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[18] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[19] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[20] In removed actions, diversity of citizenship

---

[14] R. Doc. 10.

[15] R. Doc. 14.

[16] R. Doc. 14.

[17] In the event this recommendation is not adopted, the undersigned recommends that the Motion to Remand be referred back to the undersigned for an analysis of the improper joinder issue and for clarification of the citizenship of Peterson Framing-SC and Peterson Framing-NC.

[18] 28 U.S.C. § 1441(a).

[19] 28 U.S.C. § 1332(a)-(a)(1).

[20] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

must exist both at the time of filing in state court and at the time of removal to federal court.[21] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[22] The removing party has the burden of proving federal diversity jurisdiction.[23] Remand is proper if at any time the court lacks subject matter jurisdiction.[24]

### B.  Procedural History Relevant to the Amount in Controversy

In the Petition, Plaintiffs allege that as a result of the collapsed Dome, Plaintiffs "have been caused to suffer physical pain and suffering, requiring future medical care and treatment. As a result of the injuries suffered, petitioners have endured severe pain, suffering, and all other damages resulting from this accident . . . ."[25] Plaintiffs also seek the following damages: (1) past, present and future pain and suffering; (2) past, present and future mental anguish, anxiety and psychological harm; (3) loss of enjoyment of life; (4) past, present and future medical care; (5) permanent disfigurement and/or scarring; (6) lost wages and loss or earning capacity; (7) loss of consortium, service, and society; and (8) all other damages that may be determined at trial.[26]

In its Notice of Removal, Red Frog avers that "it is apparent from the face of the Plaintiff's Petition for Damages that the amount in controversy for the Plaintiffs, exclusive of interest and costs, exceeds this Court's $75,000.00 jurisdictional amount."[27] While Red Frog admits that Plaintiffs' Petition does not include a specific allegation regarding the injuries sustained, it

---

[21] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[22] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[23] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[24] *See*, 28 U.S.C. § 1447(c).

[25] R. Doc. 1-2 at p. 61, ¶ XXX.

[26] R. Doc. 1-2 at pp. 61-62, ¶ XXX.

[27] R. Doc. 1, ¶ 28.

contends that "upon information and belief, [Annabella Marse] sustained, *inter alia*, a broken femur."[28] Red Frog further contends that Plaintiffs' list of sought-after damages "suggest that the amount in controversy for each Plaintiff exceeds $75,000.00."[29]  In its Supplemental Memorandum, Red Frog explains that it "attempted to clarify the nature of each Plaintiff's injury in order to further satisfy their burden of providing this Court facts at issue that establish that the amount in controversy is satisfied" but that "Plaintiffs' counsel refused to provide further explanation."[30]  However, Red Frog contends that "even without considering the quantum of the alleged, unidentified physical injuries,"[31] the jurisdictional threshold is established based on (1) Plaintiffs' requested damages (including emotional distress damages and damages for permanent scarring or disfigurement); (2) damages other courts have awarded for femur fractures; and (3) "Plaintiffs' failure to abide by Louisiana's fact pleading regime and the clear requirement of La. C.C.P. art. 893(A)(1)."[32]  In an Additional Supplemental Memorandum in Support of Removal,

---

[28] Red Frog bases its contention that Annabella Marse sustained a broken femur on the Louisiana Fire Marshal's report, which it attached to its Supplemental Memorandum in Support of Removal. R. Doc. 10, p. 2; R. Doc. 10-1. It appears that Red Frog has not confirmed this injury with Plaintiffs' counsel. *See*, R. Doc. 10, p. 2 ("After the incident, counsel for Red Frog reached out to all known claimants and their attorneys to assess the nature of the injuries. In almost all cases, this process was assisted by counsel for the claimants, who actually reached out to undersigned to advise of their representation and described the nature of their clients' injuries. However, in this case, with the exception of knowing that Annabella Marse broke her femur via the Louisiana State Fire Marshal's report, Red Frog did not know – and still does not know – the full nature of the damages that Plaintiff's [sic] seek.").

[29] R. Doc. 1, ¶ 29.

[30] R. Doc. 10, p. 4.  Based on the email correspondence attached to Red Frog's Supplemental Memorandum, in response to Red Frog's request for clarification regarding Plaintiffs' injuries, counsel for Plaintiffs advised counsel for Red Frog to issue discovery requests. R. Doc. 10-2.

[31] R. Doc. 10, p. 6. *See also*, *id.* ("Red Frog has successfully shown that the amount in controversy for all Plaintiffs exceeds the Court's jurisdictional requirement even without knowing what the physical injuries are.").

[32] R. Doc. 10, p. 7. Red Frog avers that "it is now incumbent upon Plaintiffs to file a Motion to Remand to bear their burden of proving to a legal certainty that federal jurisdiction is not appropriate in this case." R. Doc. 10, p. 7. *See also*, R. Doc. 10, p. 1 ("the facts in controversy supplied by the Notice of Removal, Petition, and other evidence presented herein clearly shift the burden to Plaintiffs to establish that there is no legal certainty that they can recover damages in excess of $75,000.00."). Although Red Frog asserts that once it is shown by a preponderance of the evidence that the amount in controversy is met, the burden shifts to Plaintiffs, the Fifth Circuit has emphasized that "this is not a burden-shifting exercise." *De Aguilar*, 47 F. 3d at 1412. In any event, because the undersigned finds that Red Frog has not established by a preponderance that the amount in controversy exceeds $75,000, it is not necessary to consider whether Plaintiffs are required to establish to a legal certainty that the amount in controversy is not met. Moreover, to the extent Red Frog intimates that Plaintiffs must file a Motion to Remand in order for this

7

Red Frog asserts that original jurisdiction should be based on the amount in controversy relative to Annabella Marse's damages, and that this Court may exercise supplemental jurisdiction over the claims of her parents.[33]

### C. Red Frog Has Failed to Established, By a Preponderance, that the Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[34] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[35] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[36] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional

---

court to consider whether the amount in controversy required for subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is met, this court has an obligation to ensure that federal subject matter jurisdiction exists without regard to whether Plaintiffs have filed a Motion raising the issue. *See*, *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("We may consider subject matter *sua sponte*, as 'subject-matter delineations must be policed by the courts on their own initiative.'"); *Robinson v. Kmart Corp.*, Civil Action No. 11-12, 2011 WL 2790192, at * 4 (M.D. La. April 28, 2011) ("[t]he parties ... may neither consent to nor waive federal subject matter jurisdiction, so the court must ensure that the amount in controversy is satisfied.") (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999)).

[33] R. Doc. 13, p. 2. ("As Red Frog has established, Annabella Marse injured her femur while participating in the Warrior Dash. Red Frog supplied cases that indicate that, although Plaintiffs are not entitled to damages, Louisiana courts have awarded damages in excess of $75,000.00 for femur injuries alone. Plaintiffs also allege that Anabella sustained lacerations, medical costs, and numerous other elements of damages from the Warrior Dash. Thus, it is clear that Plaintiffs intend to put damages in excess of $75,000.00 in controversy for Anabella Marse. Further, the face of Plaintiff's Petition establishes that the elements of Mr. and Mrs. Marse's claims against Red Frog rise [sic] from the same transaction or occurrence as Anabella's injuries. Therefore, because Annabella's injuries exceed the jurisdictional amount, and this Court has original jurisdiction over her claims, the Court may exercise supplemental jurisdiction over her parents' claims – regardless of whether or not they exceed the minimum amount in controversy.").

[34] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[35] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[36] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

8

amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[37]

It is not facially apparent from the Petition that the claims of Annabelle Marse (or her parents) will exceed the jurisdictional amount. Plaintiffs allege broad categories of damage and the Petition – as recognized by Red Frog – fails to provide any specific allegations regarding any Plaintiffs' injuries. Nor does the Petition provide any information regarding Plaintiffs' claimed medical expenses or lost wages. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[38] Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the court must next consider whether Red Frog has met its burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. Red Frog asserts that numerous factors support a finding that the requisite amount in controversy is met here.

---

[37] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[38] *Broadway v. Wal-Mart Stores, Inc.*, Civ.A 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). *See also*, *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6884347, at * 3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, Civil Action 17-414, 2017 WL5762436, at * 3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

9

First, Red Frog asserts that based on the Louisiana Fire Marshal's report Annabella Marse suffered a broken femur.[39] Assuming that the Fire Marshal's report is correct,[40] Red Frog cites various cases wherein it asserts "Louisiana courts have awarded damages in excess of $75,000 for femur fractures."[41] Without any specific information regarding Annabella Marse's actual injuries or treatment, it is impossible to determine whether these cases are analogous.[42] As recently noted by the Eastern District, "the defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000."[43] The cases cited by Red Frog "merely exemplify amounts in damages within the realm of possibilities that Plaintiff could recover, and to that end, '[t]he Fifth Circuit has explained a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard."[44]

---

[39] *See*, R. Doc. 10-1, p. 6.

[40] Red Frog relies on the apparently reported statement made by Annabella Marse's father as set forth in the unsworn Fire Marshal's report. Even assuming this court could rely on such evidence to establish that Annabella sustained a broken femur, the report provides no additional information regarding the extent of her injury. Further, as explained above, Red Frog has not confirmed, through discovery responses or otherwise, that Annabella Marse did indeed suffer a broken femur. However, even assuming *arguendo* that the Fire Marshal's report is correct, it provides insufficient information to establish by a preponderance that the amount in controversy here exceeds the jurisdictional threshold.

[41] R. Doc. 10, p. 7.

[42] Red Frog relies on *Aymami v. St. Tammany Parish Hospital Service Dist. No. 1*, 145 So.3d 439, 457 (La. App. 1. Cir. 2014) (affirming $100,000 general damage award to plaintiff who suffered severe comminuted displaced left tibia and fibula shaft fractures which required surgical correction with rods and pins and a second surgery about a year following the accident to remove scar tissue) and *Sledge v. Continental Casualty Co.*, 639 So. 2d 805, 818 (La. App. 2 Cir. 1994) (awarding $75,000 as "highest possible award" for pain and suffering associated with closed fracture of left femur requiring manipulative reduction and surgical insertion of a pin for traction and citing cases awarding various amounts between $20,000 to $150,000). *But see*, *Rogers v. City of Baton Rouge*, 916 So. 2d 1099 (La. App. 1 Cir. 2005) (jury awarded $55,000 in general damages and $13,030.60 in medical expenses after bicyclist fell and suffered a "serious leg fracture;" case was reversed on the basis of plaintiff's failure to meet his burden of proof regarding the City's liability).

[43] *Medina v. Johnstone*, Civil Action No. 17-6351, 2017 WL 3911793, at * 4 (E.D. La. Sept. 7, 2017) (citing *De Aguilar*, 47 F.3d at 1412).

[44] *Id.* (internal citations omitted).

10

Similarly, Red Frog argues that "Louisiana juries have awarded emotional distress damages for witnessing a loved one suffer an injury such as those claimed by Mr. and Mrs. Marse in excess of $75,000.00"[45] and that "Louisiana courts have awarded damages in excess of $75,000.00 for scarring and/or permanent disfigurement."[46] In the cases cited by Red Frog, the facts and circumstances appear much more extreme than that which can even be assumed herein. In *Guillot v. DaimlerChrysler Corp.*,[47] a large general damage award was affirmed where plaintiffs testified to the "extreme anguish and emotional suffering associated with making the determination" to end their infant child's life. There, the child's mother had been pinned between the door of the family's vehicle and a brick column while pregnant and the infant (who had been delivered following the accident) had been subsequently kept on life support for seventeen days. In *Wilkerson v. Kansas City Southern Railway*,[48] mental anguish awards of $125,000 and $150,000 were affirmed where decedent's parents were the first to arrive on the scene of an accident and found their daughter with "massive injuries" following an accident in which her vehicle had been broadsided by a train. In *Jones v. Peyton Place, Inc.*,[49] a plaintiff was awarded $80,000 for permanent scarring that was expected to cause extreme, recurrent pain and $25,000 for disfigurement. While these cases support the unremarkable position that certain factual circumstances may support awards for damages exceeding the jurisdictional amount, they do not dictate such a result in this particular case given both the extreme nature of the circumstances set

---

[45] R. Doc. 10, p. 5.

[46] R. Doc. 10, p. 6.

[47] 50 So. 3d 173, 197 (La. App. 4 Cir. 2010).

[48] 772 So.2d 268, 270 (La. App. 2 Cir. 2000).

[49] 675 So. 2d 754, 768 (La. App. 4 Cir. 1996).

11

forth in those cases and the lack of any information suggesting that Plaintiff's damages here would be similar.[50]

Finally, to the extent that Red Frog relies on Plaintiffs' "failure to abide by…the clear requirement of La. C.C.P. art. 893(A)(1),"[51] the undersigned finds such failure insufficient to establish by a preponderance that the amount in controversy in this case is likely to exceed $75,000.00. Louisiana Code of Civil Procedure article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required." This court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[52] While Plaintiff's failure to include an allegation pursuant to La. C.C.P. 893(A)(1) is a factor considered by the undersigned when determining whether Red Frog has met its burden of establishing that the

---

[50] *See also*, *Maldonado v. Kiewit Louisiana Co.*, 152 So. 3d 909, 940 (La. App. 1 Cir. 2014) (awarding $100,000 in bystander damages to plaintiff who witnessed his brother fall when rebar cage collapsed during a bridge widening project where plaintiff saw his brother on the ground bleeding from his mouth and was with him when he died); *Banks v. Children's Hospital*, 156 So. 3d 1263 (La. App. 4 Cir. 2014) (jury awards of $125,000 and $50,000 for mother and father, respectively, following the death of their child following alleged medical malpractice; the appellate court did not review the awards because it affirmed a JNOV in favor of the hospital).

[51] R. Doc. 10, p. 7.

[52] *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007). *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007) ("Furthermore, the plaintiff does not include any allegation in its petition, as required by Louisiana Code of Civil Procedure article 893(A)(1), that its damages were less than the requisite amount to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.").

amount in controversy is met, it cannot, without more, carry Red Frog's burden of establishing this court's subject matter jurisdiction.

Because there are factors here that weigh in favor of remand and factors that weigh against, the doubt is resolved in favor of remand.[53]  Accordingly, Red Frog has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, the undersigned *sua sponte* recommends that this suit be remanded to the state district court.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this matter be **REMANDED** to the state district court for lack of subject matter jurisdiction, specifically, removing defendant's failure to meet its burden to prove, by a preponderance of the evidence that the amount in controversy required to exercise jurisdiction pursuant to 28 U.S.C. § 1332 is met.

In light of this recommendation, the undersigned additionally recommends that the Motion to Remand[54] be **DENIED AS MOOT**.[55]

Signed in Baton Rouge, Louisiana, on July 20, 2018.

 

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[53] *Gasch*, 491 F.3d at 281-82.

[54] R. Doc. 14.

[55] In the event this recommendation is not adopted, the undersigned recommends that the Motion to Remand be referred back to the undersigned for an analysis of the improper joinder issue and for clarification of the citizenship of Peterson Framing-SC and Peterson Framing-NC.